Michael M. Skodnick, J.
Upon an agreed statement of facts, the defendants, David Biss, Abraham Pieprzyk and Apartments Available, Inc., were charged with operating as real estate brokers without obtaining a license, in violation of section 440-a of the Real Property Law.
The corporation received the sum of $30 from one Cusimano for the location of several apartments which were represented as being available for rental to Cusimano and delivered to him a written instrument which provided, inter alia " 'fee $30’, 'No Refunds’, 'Apartments available provides information about rentals in Brooklyn. Services will be rendered until purchaser has found suitable living space. Diligent effort is made to keep information current and accurate, however, no warranties or guarantees are made that information is complete, accurate, exclusive or satisfactory to you; nor that the rental unit is available or suitable to your needs, this corporation is prohibited by law * * * or acting as your agent, or as the agent of the owner of the rental units’. 'This corporation merely provides information.’ ”
The defendant David Biss is the president and defendant Abraham Pieprzyk, the vice president of the defendant corporation, etc., none of whom have ever been nor are now licensed as a real estate broker, as defined in section 440 of the Real Property Law of the State of New York.
The statutes involved herein, in pertinent part, read as follows:
*451 "Whenever used in this article 'real estate broker’ means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, at auction or otherwise, exchanges, buys or rents, or offers or attempts to negotiate a sale, at auction or otherwise, exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate or negotiates, or offers or attempts to negotiate, a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate”. (Real Property Law, § 440.)
"License required for real estate brokers
"No person, co-partnership or corporation shall engage in or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker or real estate salesman in this state without first procuring a license therefor as provided in this article.” (Real Property Law, § 440-a.)
This particular statement of facts presents a very close question that can be properly adjudicated only by a very fine line of distinction.
The usual services performed by a real estate broker are the compilation of information on real estate available for sale or rental and to obtain either a buyer or seller for his principal who is ready, willing and able to enter into such a transaction. The broker’s fee is paid by the party who employs him.
An essential part of the broker’s service is the preparation of a "listing” of available properties or rentals.
In the instant case, what makes its determination difficult is the fact that the defendants were employed by no one. The defendants obtain their fee whether or not the rental was made. The defendants’ fee is payable by the proprietor upon the presentation to said rentor of a list of available rentals. The defendants need do nothing more.
This fact pattern may appear on the surface to conform to those endeavors which result in "finders fees”, "introducer’s fees”, or merely selling a list of information which in this case happens to involve available real estate for rent.
On the other hand, there is an Attorney-General’s opinion which states "Real Estate galleries which 'list property’ and secure a fee for such listing are brokers in the sense of the *452 statute [Real Property Law, § 440]” (48 N.Y. St. Dept. Rep. 575).
"A person who solicits advertising of real estate for sale or rent and compiles the advertisements in a 'guide’ for free distribution, the property owner paying the advertisement fee, must be licensed as a real estate broker.” (1933 Opns. Atty. Gen. 298; cf. 1934 Opns. Atty. Gen. 234.) (This situation only differs from the instant case in that it is the prospective rentor who pays the advertisement fee.)
"A bureau which offers for a fee to place the names of buyers or sellers of real estate before 'hundreds of people who are interested’ is engaged in listing real property for sale, and must be licensed as a real estate broker, although it disclaims any purpose to conclude a deal.” (1930 Opns Atty. Gen. 270.)
In the case of Baird v Krancer (138 Mise 360) the court discusses the alleged requirement of a broker to assist in negotiating the "deal”. The court concluded that "every unlicensed broker will be enabled to carry on his business just as he did before the statute came into existence, simply by calling himself a finder, originator, an introducer, instead of a broker”. The court concluded that a broker need not assist in the negotiations. He need only bring the parties together.
In view of the defined purpose of the law requiring persons or corporations in the business of soliciting interests in real property to be licensed, it would appear that the defendants do come within the ambit of the statute, however marginally it may appear on the surface. The motion on each defendant to acquit is denied and each defendant is found guilty as charged.